ENGLISH & SCOTTISH LAW LIFE ASSURANCE ASS'N., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5112. Promulgated February 1, 1928.

*A. H. Murray, Esq.,* for the respondent.

LITTLETON: The Commissioner determined a deficiency of $224 for the calendar year 1919. Within 60 days after the mailing of the deficiency notice, petitioner, a British corporation with principal office at 32, Moorgate, E. C. 2, London, England, filed a petition in which it was alleged—

The whole of our income is derived from securities containing tax free covenants and in accordance with the Revenue Act we have in our income tax return, assumed that 2 per cent has been paid at source,
viz _____ $269.
The amount of tax, however, assumed at source by the Commissioner
of Internal Revenue is only_____ 45.
_____
leaving a difference of_____ $224.
which is the amount in dispute.

In due course the Commissioner filed an answer to the petition in which he stated as follows:

For lack of information denies that the whole of petitioner's income is derived from securities containing tax-free covenants. Admits that the petitioner's income tax return for the year 1919 assumed that the amount of $269.00 representing 2%, has been paid at source.

Admits that the Commissioner in the determination of the tax determined that the tax assumed at source amounted to $45.00 and further admits that said sum of $45.00 was allowed as a credit against the total tax shown by the petitioner's return.

Denies specifically that the petitioner is entitled to a further credit of $224.00 representing the difference between the amount of $269.00, which the petitioner assumed to have been paid at source and the amount of $45.00, representing the amount allowed by the Commissioner as a credit against the tax shown by the petitioner's return.

The proceeding came on for hearing on the merits on the day calendar of January 12, 1928. The petitioner submitted the case for decision upon the record without personal appearance. From a consideration of the statements contained in the petition and answer, the Board can not hold that the Commissioner erred in his determination. The Commissioner denies the material allegations of fact contained in the petition and in the absence of competent proof by the petitioner to sustain the material averments of its petition, the deficiency determined by the Commissioner is approved.

*Judgment will be entered for the respondent.*